# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **JAMES PHILLIPS** | § | |
| | § | |
| **v.** | § | **Case No. 6:11-cv-308** |
| | § | |
| **STEWART NEWBY** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 22). Plaintiff James Phillips was arrested during a traffic stop on September 4, 2010. Plaintiff now alleges that the police officer, Defendant Stewart Newby, violated Plaintiff's Fourth Amendment right to be free from an unlawful arrest. Having fully considered the parties' arguments, the undisputed facts, and the applicable law, the Court **GRANTS** Defendant's motion.

## I.    FACTUAL BACKGROUND

At approximately 2:00 a.m. on September 4, 2010, Defendant and another peace officer were on routine traffic patrol heading east on State Highway 85 in Seven Points, Texas. A vehicle exited a parking lot and began traveling towards them. The vehicle allegedly traveled towards the officers in the wrong lane for approximately 100 feet. The officers also claim that the vehicle's headlights were set on the bright setting and that Plaintiff, the driver of the oncoming vehicle, failed to dim them as he met oncoming traffic. After Plaintiff passed the officers, the officers activated the patrol unit's overhead blue and red lights and pursued Plaintiff.

After a short distance, Plaintiff turned onto a private country road. The officers then activated the patrol unit's siren. Plaintiff continued on the private road for more than half a mile before turning into a residential driveway. Officers approached the vehicle and asked Plaintiff to

present his driver's license. Plaintiff explained that his driver's license was inside the residence and offered to retrieve it. Defendant then arrested Plaintiff.

Plaintiff was charged with evading arrest, failure to display a driver's license, failure to dim headlights upon meeting other traffic, and failure to drive within a single lane. Plaintiff entered a plea of nolo contender to the latter three charges. However, the charges were dismissed prior to prosecution.

## II.  LEGAL STANDARD

The Court should grant a motion for summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008). A fact is material if it might affect the outcome of the suit under the governing law. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon*, 560 F.3d at 326. When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Sossamon*, 560 F.3d at 326.

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (internal quotation omitted). If the moving party fails to meet this initial burden, the motion must

be denied regardless of the nonmovant's response. *Id.* (internal quotation omitted). If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008); *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *U.S. ex rel. Farmer*, 523 F.3d at 337; *Duffie*, 600 F.3d at 371.

### III.  DISCUSSION

To establish his unlawful arrest claim under the Fourth Amendment, Plaintiff must show that Defendant arrested him without probable cause. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."); Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 2005) ("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."). "In order to make a warrantless arrest in a public place, the arresting officers must have probable cause to believe that the suspect has committed, is committing, or is about to commit a crime." *Fontenot v. Cormier*, 56 F.3d 669, 674 (5th Cir. 1995). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had

committed or was committing an offense." *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).

Under Texas law, "[i]t is a misdemeanor, and therefore an arrestable offense, for a person to operate a motor vehicle without having in his immediate possession a valid driver's license." *Gaines v. State*, 888 S.W.2d 504, 510 (Tex. App.—El Paso 1994, no writ); *see* Tex. Transp. Code Ann. § 521.025 (West Supp. 2011). In the present case, it is undisputed that Plaintiff did not produce his driver's license in response to Defendant's demand. Accordingly, Defendant immediately had probable cause to arrest Plaintiff. *See Williams v. State*, Case No. 04-02-00747-CR, 2003 WL 21658529, at *1 (Tex. App.—San Antonio July 16, 2003, pet. ref'd) (mem. op., not designated for publication). With probable cause to arrest Plaintiff, Defendant did not violate Plaintiff's constitutional rights.

Plaintiff emphasizes that the charges were dismissed. This fact is immaterial. Failure to provide a driver's license is a traffic violation, and therefore provides probable cause for arrest. *See Scott v. Caldwell*, Case No. 6:07-cv-450, 2008 WL 2329595, at *7 (E.D. Tex. June 4, 2008); *Spencer v Rau*, 542 F. Supp. 2d. 583, 591–92 (W.D. Tex. 2007) ("[I]t is irrelevant to the justification of an arrest that the charges were later dropped by a criminal court. Instead, when reviewing the issue of probable cause the court determines the 'reasonableness of the actions taken in light of the cause that existed *at the time of arrest*.'" (quoting *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000))). When viewed in the light most favorable to Plaintiff, the undisputed evidence is insufficient to establish a Fourth Amendment illegal arrest claim.

Having found no constitutional violation, the Court finds it unnecessary to address any immunity defenses raised by Defendant.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. 22) is

**GRANTED**.

**It is SO ORDERED.**

**SIGNED this 15th day of May, 2012.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE